**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:        Derrick Bernard v. The State of Texas

Appellate case numbers:   01-18-00876-CR

Trial court case numbers:   1550370

Trial court:                185th District Court of Harris County

On September 20, 2018, appellant, Derrick Bernard, filed a notice of appeal from the September 20, 2018 judgment of conviction following a jury trial of the non-death capital felony offense of capital murder for which the trial court assessed appellant's punishment at life confinement without parole.  The trial court certified that this was not a plea-bargain case, and that appellant had the right to appeal, and it appointed Patrick F. McCann as counsel for appellant.  *See* TEX. R. APP. P. 25.2(a)(2).  This Court's December 18, 2018 notice informed appellant's appointed counsel that it had granted his first motion for a 60-day extension of time to file appellant's brief until February 19, 2019.

Then this Court's March 26, 2019 Order on Motion granted appellant's second 60-day extension of time to file appellant's brief until April 22, 2019.  That Order noted that no further extensions would be granted and that, if no brief was timely filed by April 22, 2019, this Court would abate this case.  Counsel has failed to timely file a brief.

Accordingly, we sua sponte **abate** this appeal and **remand** for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, **Patrick F. McCann**, shall be present.  TEX. R. APP. 38.8(b)(2).  Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

1    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant.  On request of appellant, appellant and

The trial court shall have a court reporter record the hearing. The trial court is directed to:

(1) make a finding on whether appellant wishes to prosecute this appeal;

(2) if appellant does wish to prosecute this appeal, determine whether counsel Patrick F. McCann has abandoned this appeal;

(3) if counsel Patrick F. McCann has not abandoned this appeal:

    a. inquire of counsel the reasons, if any, that he has failed to file a brief in each case timely on appellant's behalf; and

    b. set a date certain when appellant's brief will be due, regardless of whether this Court has yet reinstated this appeal and no later than 30 days from the date of the hearing;

(4) if Patrick F. McCann has abandoned this appeal, enter a written order relieving Patrick F. McCann of his duties as appellant's counsel, including in the order the basis for the finding of abandonment, determine whether appellant is indigent, and:

    a. if appellant is still indigent, appoint substitute appellate counsel at no expense to appellant;

    b. if appellant is not indigent, admonish appellant of the dangers and disadvantages of self-representation, and:

        i. determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel and set a date certain when appellant's brief is due in each case, regardless of whether this Court has yet reinstated this appeal and no later than 30 days from the date of the hearing; or,

        ii. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (d)(1), (f) (West 2017); TEX. R. APP. P. 38.8(b); *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003) (stating that presumption in favor of right to choice of counsel may be overridden by other factors relating to fair and orderly administration of justice); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (requiring trial court to advise defendant of dangers and disadvantages of self-representation prior to proceeding to trial), 26.04(j)(2) (authorizing trial court to order appointed counsel to withdraw after finding of good cause is entered on record).

---

his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

The court coordinator of the trial court shall set a hearing date no later than **30 days from the date of this order** and notify the parties and the Clerk of this Court of such date. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court **within 15 days** of the date of the hearing. The court reporter is directed to file the reporter's record of the hearing **within 15 days** of the date of the hearing. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 10 days of the date of this hearing.

If **Patrick F. McCann** files an extension motion or a brief on appellant's behalf in in this Court, and a copy of such brief in the trial court, and his brief complies with Texas Rule of Appellate Procedure 38.1, **no later than 10 days from the date of this order**, with a motion requesting that we withdraw this Order of Abatement, this Court may reconsider and withdraw this order and reinstate this appeal.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the supplemental reporter's record, if any, are filed in this Court.

It is so **ORDERED**.

Judge's signature: _/s/ Laura Carter Higley_____

☒ Acting individually ☐ Acting for the Court

Date: _May 9, 2019__